UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11262-RGS

STEVEN SMITH

v.

BARNSTABLE SUPERIOR COURT

ORDER

August 6, 2021

Steven Smith, a pretrial detainee confined to the Barnstable County Jail, has filed a document, D. 1, captioned as a "Motion Requesting Injunction and Restraining Order against Barnstable Superior Court" ("Motion"). Although the Motion is addressed to another judicial officer of this court, the clerk opened assigned Smith's Motion a new civil action number.[1]

In his Motion, Smith seeks to have this federal court "intervene to protect (Smith's) constitutional right to represent [himself] in Barnstable

---

[1] The court's records indicate that Smith's earlier lawsuit against the Providence police was dismissed on March 18, 2021. *See Smith v. Lobur, et al.*, C.A. No. 21-10290-ADB (court concluding, among other things, that it must abstain from interfering in the pending state court proceeding).

Superior Court where [the judges of the Barnstable Superior Court] have appointed 5 attorneys <u>all</u> unwilling to file a <u>Motion to Dismiss</u> because the detective that arrested [Smith] withheld [evidence that would prove Smith's innocence]." Attached to the Motion are documents that were filed in *Smith v. Lobur, et al.*, C.A. No. 21-10290-ADB (dismissed Mar. 18, 2021).[2] Smith's Motion consists primarily of a recounting of the events surrounding the 2018 police investigation leading to Smith's criminal indictment and his unsuccessful efforts to have defense counsel obtain certain evidence. Smith maintains he is innocent of the charges against him and complains that his court appointed attorneys each failed seek dismissal of the pending criminal prosecution. The Motion references Smith's pending civil action concerning his treatment while in custody at the Worcester County Jail and House of Correction. *See Smith v. Lewis, et al.*, C.A. No. 20-30173-KAR (filed Nov. 6, 2020).

Because Smith asks this court to intervene in a pending state criminal action, his claims implicate the abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 45 (1971). Under *Younger*, "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to

---

[2] Attached to the

the federal proceeding ... that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'"  *Watson v. Ordonez*, C.A. No. 17-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018) (quoting *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)).

Here, all three elements are fulfilled. First, there is an on-going criminal proceeding instituted prior to this action. Second, the Commonwealth's resolution of alleged violations of state criminal law implicates an important state interest.  Third, Smith can raise his constitutional claims concerning ineffective assistance of counsel in the Superior Court proceedings, or in the appellate courts of the Commonwealth. Accordingly, where the only potential claims that could be brought here are for prospective injunctive or declaratory relief that would interfere with an on-going state criminal proceeding, this court would abstain from exercising its jurisdiction over such claims.

Although the court often affords *pro se* litigants an opportunity to amend, there is no utility in granting Smith leave to amend because his claims are subject to dismissal without prejudice under the *Younger* abstention doctrine.

Based on the foregoing, it is hereby ORDERED that the pending motions be terminated and that this action be dismissed without prejudice. No filing fee is assessed.

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE